**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL MANUEL MONTOYA,

Defendant - Appellant.

No.  01-2332
(D.C. No. CIV-01-246-LH,
CR-98-514-1-LH)
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and  **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Miguel Manuel Montoya, a federal prisoner proceeding *pro se*, seeks to appeal from the denial of a motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255. Mr. Montoya pleaded guilty on July 28, 1999, to one count of conspiring to possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. § 846, and to one count of knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 2 & 924(C). He was sentenced to serve twenty years on the conspiracy count and ten years on the firearms count and did not appeal from his conviction.

On March 1, 2001, Mr. Montoya filed the motion at bar, alleging an *Apprendi* [1] violation because, when the court determined the base level of his drug conspiracy offense at sentencing, he was "held accountable for in excess of 50 kilograms of cocaine, an amount that should have been charged in the indictment, submitted to a jury and proven beyond a reasonable doubt." R. Doc. 1, Att. at 9. He further claimed ineffective assistance of counsel during the sentencing phase because "counsel failed to object to the relevant conduct under U.S.S.G. § 1B1.3 and conceded that no reasonable doubt existed regarding petitioner's involvement as to the drug amount." *Id.* at 5.

The magistrate judge proposed denying the motion, finding that (1) Mr. Montoya had agreed in open court that the government could prove its case

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2001).

against him beyond a reasonable doubt and that he in fact had committed the crimes charged as described by the government in its statement of proof;[2] (2) he had voluntarily waived his right to a trial and to an appeal; (3) *Apprendi* is not applicable to his cocaine sentence because the sentence for the drug conspiracy offense did not exceed the statutory maximum of twenty years; and (4) there was nothing in the record to indicate that counsel was ineffective, given Mr. Montoya's admissions and plea and the inapplicability of *Apprendi* to his drug conspiracy sentence. The magistrate judge concluded that Mr. Montoya was not entitled to relief under § 2255 and recommended denial of the motion. The district court adopted the findings and recommended disposition.

Mr. Montoya must obtain a certificate of appealability (COA) in order to appeal from this order by making a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have carefully reviewed the record, the relevant law, and Mr. Montoya's arguments. For substantially the same reasons stated in the proposed findings and recommended disposition filed August 8, 2001, and adopted by the district court, we conclude that Mr. Montoya has failed to make the requisite showing to obtain a COA. *See also United States*

---

[2] The Government presented testimony at the plea hearing to show that it had evidence that "Mr. Montoya and his organization distributed more than 50 kilograms of powder cocaine during the period of the charged conspiracy going back to 1995." R. Doc. 4, Ex. A at 18-19. Mr. Montoya agreed that the substance of the Government's presentation was basically correct. *See id.* at 21-22.

-3-

*v. Sullivan*, 255 F.3d 1256, 1265 (10th Cir. 2001) (holding that *Apprendi* "does not apply to sentencing factors that increase a defendant's guideline range but do not increase the statutory maximum"), *cert. denied*, 112 S. Ct. 1182 (2002); *United States v. Wilson*, 244 F.3d 1208, 1215 (10th Cir.) (noting that reversible *Apprendi* error arises only when drug quantity causes sentence to exceed the statutory maximum), *cert. denied*, 533 U.S. 962 (2001).

Mr. Montoya's request for a COA is DENIED and the case is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Senior Circuit Judge